UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROL GAYLOR, )
an individual, )
 )
    Plaintiff, )
 )
vs. )   CASE NO.: 3:22-cv-878
 )
PLAZA SOUTH CONDOMINIUM )
ASSOCIATION, INC., )
a Florida Corporation, )
 )
    Defendant. )
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

    Plaintiff, CAROL GAYLOR, by and through her undersigned counsel, hereby files this Complaint and sues PLAZA SOUTH CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

    2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

    3.    Plaintiff, CAROL GAYLOR, (hereinafter referred to as "Mrs. Gaylor") is a resident of the State of Florida in St. John's County.

1

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[1]

6. Defendant, PLAZA SOUTH CONDOMINIUM ASSOCIATION, INC., (hereinafter referred to as "Defendant") is a Florida Corporation, registered to do business in the State of Florida. Upon information and belief, Defendant is the operator of the real property and improvements, which is the subject of this action, to wit: Plaza South Condominium, generally located at 4475 US-1, St. Augustine, FL 32086 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in St. John's County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, which is plaza consisting primarily to medical offices, is consequently a place of public accommodation subject to the ADA.

---

[1] Plaintiff is capable of walking short distances without assistance on good days.

10. Plaintiff has visited the Property discussed herein several times over the last year and plans to visit again in the near future. Plaintiff most recently visited the Defendant's Property once earlier this month and once last month, among her many visits.

11. During her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would visit the Property more often because she enjoys the food offered there.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered her access:

    A. Plaintiff personally encountered inaccessible parking spaces designated for disabled use due to a lack of marked/designated access aisles adjacent to the disabled use parking spaces offered throughout the Property. This condition made it difficult for Plaintiff to safely transfer into and out of her vehicle and increased her risk of fall.

    B. Plaintiff personally encountered inaccessible parking spaces designated for disabled use due excessive surface slopes within the parking spaces and built-up curb ramps protruding into the spaces. This condition made it difficult and unsafe for Plaintiff

to safely transfer into and out of her vehicle and increased her risk of a fall on the uneven surfaces.

      C.      Plaintiff personally encountered inaccessible parking spaces designated for disabled use due to improperly mounted signage which can be obscured by parked vehicles due to low mounting heights. This condition made it difficult and confusing for Plaintiff to locate and park in disabled use spaces.

      D.      Plaintiff personally encountered inaccessible sidewalk routes from the disabled use parking spaces to the tenant entrances due to curb ramps with running slopes in excess of 1:12, side flare slopes in excess of 1:10 and pavement in disrepair. These conditions made it difficult and unsafe for Plaintiff to safely maneuver over the ramps to the tenant entrances and increased her risk of a fall.

15.      To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.      Independent of her intent to return as a patron because she enjoys the food offered at Sonny's BBQs, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.      Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18.      Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: August 12, 2022

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976

       Louis@kumussman.com

       By: */s/ Louis I. Mussman*
       Louis I. Mussman, Esq. (Lead Counsel)
       (FL Bar # 597155)
       Brian T. Ku, Esq.
       (FL Bar #: 610461)